AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| Tevaughn Johnson | ) | 5:21-mj-1287-EJK |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 21, 2021, in the county of Lake in the Middle District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Posession of a firearm affecting commerce by a convicted felon |

This criminal complaint is based on these facts:

Please see attached.

☑ Continued on the attached sheet.

Complainant's signature

SA Thomas Harrison, ATF
Printed name and title

Sworn to before me over Zoom/video conference and signed by me pursuant to Fed.R.Crim P. 4.1 and 4(d).

Date: 12/22/2021

City and state: Orlando, Florida

Embry J. Kidd, U.S. Magistrate Judge
Printed name and title

STATE OF FLORIDA         CASE NO. 5:21-mj-1287-EJK

COUNTY OF ORANGE

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Thomas Harrison, having been duly sworn, do hereby depose and state as follows:

1. I am a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since January 2020. I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. Prior to my employment with the ATF, I attended the Massachusetts Municipal Police Training Councils Basic Reserve Police Academy and worked as a sworn law enforcement officer in the Commonwealth of Massachusetts for approximately 4 years. I also attended the Florida Criminal Justice Standards and Training Commission Basic Law Enforcement Academy and was employed with the Gainesville (Florida) Police Department for approximately 11 years as a sworn law enforcement officer.

2. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations and make arrests upon violations of the offenses enumerated in 18 U.S.C. § 2516. I am currently assigned to ATF's Tampa Field Division, Orlando III Field Office, where I conduct investigations of federal firearms violations, crimes of violence, and other federal violations.

3. I have received training concerning violations of the Gun Control Act within Title 18 of the United States Code and violations of the National Firearms Act within Title 26 of the United States Code. I have also received specialized training regarding surveillance techniques; interviews; writing of warrants; handling of evidence; arrest procedures; search procedures and testifying in court.

## PURPOSE OF AFFIDAVIT

4. This affidavit is based upon my personal knowledge, a review of evidence obtained during the course of this investigation, and information obtained by me in my official capacity from other law enforcement officers and sources of information that have proven to be reliable during the course of the investigation.

5. This affidavit is submitted for the limited purpose of establishing probable cause in support of the issuance of a criminal complaint and arrest warrant for Tevaughn Johnson ("JOHNSON") for a violation of 18 U.S.C. § 922(g)(1) (possession of a firearm affecting commerce by a convicted felon). Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not set forth everything that I have learned as a result of this investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of the above-listed federal law has been committed. The violation alleged in this affidavit occurred in Lake County, within the Middle District of Florida.

## PROBABLE CAUSE

6. On or about December 21, 2021, deputy marshals from the United States Marshals Service (USMS), Fugitive Task Force, together with assistance from local law enforcement officers in Lake County, Florida, arrested JOHNSON on a fugitive warrant out of New York State for a parole violation. In the process of arresting JOHNSON, he caused a Deputy United States Marshal to sustain a hand injury. In the vehicle operated by JOHNSON, officers located a loaded firearm.

7. On January 14, 2019, JOHNSON was convicted in Kings County, New York, of Attempted Robbery in the Second Degree, in violation of New York State Penal Law § 160.10(2)(a), a class D felony. He was sentenced to a prison term of three years. On February 23, 2021, he was released to commence serving a five-year term of parole supervision in New York.

8. In approximately September 2021, JOHNSON left New York State without permission of his parole officer. Authorities learned that JOHNSON had relocated to Jacksonville, Florida. On October 1, 2021, a warrant was issued in New York State for JOHNSON's arrest for violating the terms of supervision.

9. On or about October 28, 2021, a detective with the New York State Police Department spoke with JOHNSON by telephone. JOHNSON was made aware that a warrant was issued for his arrest and JOHNSON stated that he would not surrender to law enforcement. The warrant was later referred to the USMS Fugitive Task Force to locate and apprehend JOHNSON.

10.     On December 21, 2021, the USMS received information that JOHNSON was operating a champagne-colored Chevrolet Traverse in Leesburg, Florida. The vehicle is reportedly registered to JOHNSON's girlfriend. JOHNSON was observed operating the vehicle, as the sole occupant, and law enforcement followed him. JOHNSON pulled into a store located at the corner of Tuskegee Street and Griffin Road in Leesburg. Several police vehicle converged on his location utilizing emergency lights and siren, and JOHNSON attempted to flee on foot from the vehicle. He was apprehended after a struggle in which a deputy marshal sustained a hand injury.

11.     After JOHNSON was apprehended, law enforcement approached the Chevrolet Traverse that JOHNSON was driving and observed what appeared to be a black handgun in the front seat near the center console. Thereafter, they seized the firearm as evidence.



*A photo of the firearm prior to its recovery in the vehicle.*

12. The recovered firearm is a Hi-Point, model JCP, .40 caliber pistol, loaded with eleven rounds of ammunition. I know from my training and experience that Hi-Point firearms are manufactured by Strassells Machine, Inc., which is located in Mansfield, Ohio. Therefore, this firearm has traveled in or affected interstate commerce prior to its recovery in the Middle District of Florida.

5

13. In addition to the felony conviction listed above from New York State, JOHNSON also has a felony conviction from Kings County, New York, on February 19, 2014, for Robbery in the Third Degree, a class D felony under New York Penal Law. He received a sentence of one year.

## CONCLUSION

14. On the basis of the foregoing facts and evidence, probable cause exists to believe that JOHNSON has committed a violation of 18 U.S.C. § 922(g)(1). Therefore, I respectfully request that the Court issue a criminal complaint and warrant for JOHNSON's arrest.

This concludes my affidavit.

_____
Special Agent Thomas A. Harrison
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Affidavit submitted by email and attested to me as true and accurate by Zoom/video conference consistent with Fed.R.Crim. P. 4.1 and 4(d) this 22 day of December, 2021.

_____
EMBRY J. KIDD
United States Magistrate Judge

6